Sherri "Jean" Parks
7838 Sterling Dr., Oakland, Ca. 94605
510-381-9104
jeanknee@hotmail.com

FILED
JUL 3 1 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Pro Se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Sherri 'Jean" Parks | Case Number: 4-C16-4061    HSG |
|---|---|
| | **Second Amended Complaint** |
| vs. | EMPLOYMENT DISCRIMINATION COMPLAINT |
| Port of Oakland Dept. | |
| | DEMAND FOR JURY TRIAL |
| | Yes **X**   No |

COMPLAINT
PAGE 1 OF 15 *[JDC TEMPLATE – Rev. 05/2016]*

# PARTIES

1. **Plaintiff**

Sherri "Jean" Parks

7838 Sterling Dr., Oakland, Ca. 94605

510-381-9104

2. **Defendant.**

Port of Oakland

530 Water St., Oakland, Ca 94607

510-627-1100

# JURISDICTION

3. My case belongs in federal court under federal question jurisdiction because it is based on

    **X-** Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17

    ☐ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634

    **X-** Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117

    ☐ Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*

    **X-** Equal Pay Act, 29 U.S.C. Sec. 206.... and Fair Pay Act

# VENUE

4. Venue is appropriate in this Court because: (1) A substantial part of the events I am suing about happened in this district; (2) I am suing the U.S. government, federal agency, or federal official in his or her official capacity AND I live in this district; **(3)**

COMPLAINT

PAGE 2 OF 15 *[JDC TEMPLATE – Rev. 05/2016]*

At least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

5. Because this lawsuit arose in Alameda County, it should be assigned to the San Francisco/Oakland Division of this Court.

## STATEMENT OF FACTS AND CLAIMS

6. During the relevant time period, I was employed or sought employment by defendant as a Plumber. The job responsibilities included installing, maintaining and repairing water, sewer and gas piping for buildings and grounds at the harbor, read and organize blueprints, create rough drawings, maintain, clean and stock plumbing shop, read water meters, test eyewash stations, use various power and hand tools and retain class "c" driver's license. All the responsibilities in the job description may not be essential functions. Any one position may not include all the job duties listed in the classification. While working at the Defendants I've sustained several work related injuries. They include but are not limited to herniated disc in the neck, fractured vertebra in the back, carpal tunnel syndrome in both hands, torn ligaments in both knees and both left and right rotator cuff tears when I fell through a manhole. Prior to my surgery for the left cuff tear I was receiving treatment from the port for neck traction, carpal tunnel therapy and knee therapy to name a few. For the few months prior to my surgery I was taking time off for appointments when I was receiving carpal tunnel treatments in an attempt to avoid surgery on my hands. I also had some pre surgery appointments regarding my shoulder. These treatments and appointments were known by the Defendant ahead of time and were authorized by the defendant. I was never informed of any problem with scheduling of work because of any of my appointments. A couple of days during these months prior to surgery I needed to take unplanned time off because my neck seized up caused from the herniated disc. These

are the first two unplanned days I had to take off for my neck injury which had occurred several years before. The injuries I have sustained at the Defendants are getting progressively worse as time passes. I required shoulder therapy after the surgery and continue to

suffer limitations even though the torn tissue has been reattached. It is common and more likely than not that in cuff tears and even after surgery a patient does not gain back their full mobility and strength. I am not unique regarding this problem. My ability to lift has been and the mobility in my shoulder is compromised. Pain develops when my arm hangs at my side for any length of time, when I push and pull on wrenches and other tools and when working with my arms straight out or overhead for any length of time. This pain is a contributing factor in my lack of ability to get enough sleep on a regular basis and also requires that I take time off work regularly. The hand surgery was not successful and I have similar problems with pain, strength and mobility issues. I've not had surgery for the right cuff and other hand so those also present more acute pain and additional similar difficulties. My injuries do limit my ability to work and would substantially limit my ability to work without the mitigating measures I employ to reduce symptoms. The Defendant is aware of this as they have received my private medical records through updates from my doctors. While my impairments improve on any given day and then worsen on others is the reality of my chronic conditions. The Defendant has long been aware of my disability and even explicitly acknowledged that I had a disability under the ADA in a phone call placed to me on 12/6/13 and in a subsequent email on 12/10/13 confirming that call.

7. I filed charges with the Equal Employment Opportunity Commission regarding defendant's conduct on or about 3/11/14

8. The Equal Employment Opportunity commission issued a Notice-of-Right-to-Sue letter which was received by me on or about 4/21/16.

COMPLAINT
PAGE 4 OF 15 [JDC TEMPLATE – Rev. 05/2016]

# First Claim for Relief - Title VII

## (Discrimination/Disparate Treatment - Race, Color, Religion, Sex, or National Origin)

9. I was able to and did perform my job satisfactorily. I took on leadership roles and received good and outstanding in areas on evaluations.

10. I was subject to an adverse employment action by Defendant
    - ☐ termination on _____
    - ☐ refusal to promote me to _____ on _____
    - ☐ Demotion/significant change in responsibilities
      _____ on _____
    - **X** - Defendant refused to offer or pay a 6% additional pay increase as similarly situated males, on or around spring of 2003

11. The sole reason or motivating factor for this action was my
    - ☐ race or color: _____
    - ☐ religion: _____
    - **X** - sex: I am a woman
    - ☐ national origin: _____

12. On or around Spring of 2003, I was required by defendant to become a certified backflow assembly tester. When similarly situated males received their certification they were offered a 6% pay increase. I obtained my certification but have never received similar offer or increase. I complained many times but defendant has not offered similar compensation. I was retaliated against for requesting similar treatment

COMPLAINT
PAGE 5 OF 15  [JDC TEMPLATE – 05/16]

## Second Claim for Relief - Equal Pay Act and Fair Pay Act

### (Discrimination/Disparate Treatment - Race, Color, Religion, Sex, or National Origin)

13. I was able to and did perform my job satisfactorily. I took on leadership roles and received good and outstanding in areas on evaluations. I was proactive in documenting the backflow devices at the Harbor, testing and repairing all backflow devices at the Harbor and administering the backflow program

14. I was subject to an adverse employment action by Defendant
    - ☐ termination on _____
    - ☐ refusal to promote me to _____ on _____
    - ☐ Demotion/significant change in responsibilities
    - X – Defendant refused to offer or pay a 6% additional pay increase as similarly situated males, on or around spring of 2003

15. The sole reason or motivating factor for this action was my
    - ☐ race or color: _____
    - ☐ religion: _____
    - X - sex: I am a woman
    - ☐ national origin: _____

16. On or around Spring of 2003, I was required by defendant to become a certified backflow assembly tester. When similarly situated males received their certification they were offered a 6% pay increase. I obtained my certification but have never received similar offer or increase. I complained many times but defendant has not offered similar compensation. I was retaliated against for requesting similar treatment and threatened with termination.

COMPLAINT
PAGE 6 OF 15 [JDC TEMPLATE – 05/16]

☐ termination on _____

☐ refusal to promote me to _____ on _____

☐ Demotion/significant change in responsibilities

_____ on *[date]* _____

**X** – <u>Defendant refused to offer or pay a 6% additional pay increase as similarly situated males, on or around spring of 2003</u>

19. The sole reason or motivating factor for this action was my *[mark applicable and identify]*:

☐ race or color: _____

☐ religion: _____

**X** - sex: <u>I am a woman</u>

☐ national origin: _____

20. On or around Spring of 2003, I was required by defendant to become a certified backflow assembly tester. When similarly situated males received their certification they were offered a 6% pay increase. I obtained my certification but have never received similar offer or increase. I complained many times but defendant has not offered similar compensation.

## Third Claim for Relief

### (Disability Discrimination/Disparate Treatment)

17. Within the meaning of the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities.

    **X-** On or about Spring 2013, Defendant became aware that I had a disability when I was scheduled for shoulder surgery and their worker's comp administrator was notified and authorized the surgery. The port is self-insured so the Worker's comp administrator is a port employee.

    **X-** On or about Spring 2013, Defendant became aware of a record that identifies me (accurately or not) as having a disability when the port received doctors reports and regular back to work status reports.

    **X-** On or about Spring 2013, Defendant came to believe I had a disability because They received regular work status updates and doctors reports from the work comp doctor.

18. I was a qualified individual who, with or without a reasonable accommodation,
    a) could perform the essential functions of the position listed in Paragraph 6; and

    b) satisfied the skill, experience, education, and other job-related requirements of the position because that is what I was hired for and had been working in that position for approximately the preceding 12 years.

19. The disability I have or that Defendant saw or believed I had is two torn rotator cuffs and other injuries. Facts regarding my disabilities are laid out in the Statement of Facts above.

COMPLAINT
PAGE 8 OF 15  [JDC TEMPLATE – 05/16]

20. This disability did or would limit my major life activities in the following ways: The impact on my ability to work is listed above in the Statement of Facts.

21. This disability was the sole reason or motivating factor for the following adverse employment action(s) taken against me

    ☐ termination on _____

    ☐ refusal to promote me to _____ on _____

    ☐ demotion/significant change in responsibilities _____ on _____

    X refused to allow me to continue working until my scheduled surgery on or around the first part of May 2013

22. I was informed that the Port would not allow me to continue working in part because "pre op and other medical appointments………..made scheduling her impossible" although all appointments were approved by the port ahead of time and I was never informed that there were scheduling problems. Another employee who had medical appointments and was scheduled for surgery was allowed to work.

COMPLAINT
PAGE 9 OF 15  [JDC TEMPLATE – 05/16]

Case 4:16-cv-04061-HSG   Document 31   Filed 07/31/17   Page 10 of 16

- 10 -

**Fourth Claim for Relief**

**(Disability Discrimination - Failure to Provide Reasonable Accommodation)**

23. Within the meaning of the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities. I have the following disability: A request for one day off per week. See additional information on disability in statement of facts

24. This disability limits my major life activities in the following ways: A limited full work week at times. Additional information is in statement of facts.

25. I was a qualified individual who, with or without a reasonable accommodation,
    a) could perform the essential functions of the position listed in Paragraph 6; and
    b) satisfied the skill, experience, education, and other job-related requirements of the position because I had been performing the job satisfactorily for the preceding twelve years.

26. Defendant failed to accommodate my disability even though
        **X** I requested an accommodation and turned in a doctor's note requesting one shift off per week as my supervisor had asked me to do. I turned in the note into Supervisor Ernie Richmond and/or Foreman Mike Ringbom
    When I had to take a couple of days of unexpected unplanned time off for a worker's comp injury, Mr. Richmond told me that it was difficult for the Port (him) to code my time cards and that I would have to put sick leave on my time card for those days. When I asserted that it was a worker's comp injury that I had to take time off for he said it would be easier for him to code my time cards if I just asked my doctor to request one day off a week for me. When I told him I didn't need one day off a week at that time, he pushed the issue so I relented and

COMPLAINT
PAGE 10 OF 15  [JDC TEMPLATE – 05/16]

told my doctor what my supervisor wanted. The doctor issued a doctor's note requesting one day off per week.

On May 9th 2013 I was called at home and told not to come to work anymore and that I was being put on worker's comp leave. Later I was told that the Port said they couldn't accommodate me because of my pre op appointments and that the additional request for one day off per week made scheduling work "impossible". See additional facts which may be relevant in the Statement of Facts. My position remained vacant for at least two weeks until a temporary worker was hired to fill in as a plumber.

27. Defendant could have made a reasonable accommodation:

    a.) by allowing me to take one shift off per week as the supervisor had requested

    or

    b.) by admitting that they had made a mistake in asking me to procure a doctor's note and allowing me to have the note rescinded and return to work until my scheduled surgery.

28. The accommodation would have enabled me to

    **X** perform the essential functions of the job;

    **X** continue to work as I had for most of the preceding 12 years.

COMPLAINT
PAGE 11 OF 15   [JDC TEMPLATE – 05/16]

### Fifth Claim for Relief

29. Within the meaning of the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities. I have the following disabilities: Working limitations on lifting, pushing and pulling. See additional information in the Statement of facts.

30. Within the meaning of the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities. I have the following disabilities: Could not lift, push or pull more than three pounds with right hand. Left arm/shoulder restricted to twenty pounds lifting, thirty pounds pulling and one day off per week. See additional facts in Statement of Facts above.

31. I was a qualified individual who with or without reasonable accommodation,
  a.) could perform the essential functions listed in paragraph six
and
  b.) satisfied the skill, experience education and other job related requirements of the position because I had been performing them satisfactorily for the preceding twelve years.

32. Defendant failed to accommodate my disability even though:
  **X** I requested accommodation
   a.) when my doctors faxed regular updates to the Defendant after my doctors appointments
   b.) when my doctor faxed modified duty back to work authorizations beginning on or around 10/31/13
   c.) when I filed a grievance requesting accommodation
   d.) other communications to the Defendant regarding my work availability status.

COMPLAINT
PAGE 12 OF 15  [JDC TEMPLATE – 05/16]

    The Defendant unnecessarily delayed initiating the interactive accommodation process and did not meet to discuss accommodation until January of 2014. They denied accommodation again in February of 2014. They did not genuinely participate in exploring any options for accommodation and also sent me to the Defendants doctor without the appropriate paperwork which created additional delay.

    In one meeting, Human Resources personnel would not allow my manager to speak and discuss ways that reasonable accommodation could be made. At a second meeting they focused on asking about jobs they thought I couldn't do. They did not work with me to explore ways that I could work with even minimal accommodation. I supplied answers to all their questions with solutions to how I could work with no assistance or minimal accommodation.

    My supervisor seemed only worried about liability if I returned to work and the manager challenged me to answer how I would load one hundred pound valves in my truck. I drive a crane truck so the crane could be used for heavy lifting. The manager even admitted that he would not load valves himself without assistance.

    33. Defendant could have made a reasonable accommodation;

If they would have genuinely participated in the accommodation process and had not been obstructionistic. I offered to supply a list of tools and equipment that the Defendant already had that could assist me in my work if necessary. They refused the offer. There also was and is plenty of work within my job specs that is light duty in nature. I informed the supervisor before my surgery, that I was making a list of work that I could do as I progressed through the modified duty statuses. No one was interested.

COMPLAINT
PAGE 13 OF 15   [JDC TEMPLATE – 05/16]

The accommodation would have enabled me to:

    <u>X</u>  perform the essential functions of my job

    <u>X</u>  continue to work as I had for most of the preceding 12 years and not lose income and retirement time.

COMPLAINT

PAGE _14_ OF _15_ *[JDC TEMPLATE – 05/16]*

## Demand for Relief

Plaintiff respectfully requests the following relief:

1. Equitable relief
2. Compensatory damages
3. Costs and attorneys' fees as permitted by law
4. Any other relief the Court deems proper
5. Punitive damages

## Demand for Jury Trial

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 7.13.17     Sign Name: [signature]
                  Print Name: JUAN PARKS

COMPLAINT
PAGE 15 OF 15 [JDC TEMPLATE – 05/16]

From: gcarradine@portoakland.com
To: jeanknee@hotmail.com
CC: bmorrison@portoakland.com; mringbom@portoakland.com; erichmond@portoakland.com; mmitchell@portoakland.com
Subject: RE: Jean Parks - Response to 12/08/13 Phone Call
Date: Tue, 10 Dec 2013 01:01:04 +0000

Ms. Parks,

The Americans with Disabilities Act of 1990, (ADA) defines a disability as "a mental or physical impairment that substantially limits one or more major life activities". Based upon your physical limitations, you are a qualified individual with a disability covered by the Americans With Disabilities Act of 1990 (ADA) and the Department of Fair Employment and Housing Act of 2000 (FEHA).

Pursuant AP451, The Port's Accommodation Policy for Individuals with Disabilities, I'm requesting to engage in an interactive meeting with you, Human Resources and Harbor Facilities to discuss possible ways to reasonably accommodate you based on your physical limitations as placed by your treating physician.

Your treating physician reported the following limitations are considered temporary:
No over time allowed
Needs one shift off per week
No lifting over 20 pounds (shoulder)
No pushing or pulling over 30 pounds (shoulder)
No repetitive work above shoulder height
No lifting, pushing or pulling over 3 pounds with right hand

The interactive process will not lead to disciplinary action nor adversely affect your employment at the Port of Oakland. The Port's ultimate goal is to assist you in performing the essential functions of your job with or without an accommodation.

We are available on Wednesday, December 11 at 10:00 am and Thursday, December 12 at 11:00 am.

Warm Regards,

Gina Porter
Port Assistant Management Analyst
Port of Oakland
530 Water Street
Oakland, CA 94607
(510) 627-1156
(510) 835-3277 fax
gporter@portoakland.com

EXHIBIT A