UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI JEAN PARKS,<br>        Plaintiff,<br>v.<br>PORT OF OAKLAND,<br>        Defendant. | Case No. 16-cv-04061-HSG<br>**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY SCHEDULE**<br>Re: Dkt. No. 63 |

This Court's April 18, 2018 scheduling order set the deadline for fact discovery on July 2, 2018. Dkt. No. 60. On June 29, 2018, Plaintiff Sherri Jean Parks moved to extend the close of discovery by approximately 35 days, citing her unfamiliarity with the legal process and other hurdles related to her pro se status. Dkt. No. 63.

Federal Rule of Civil Procedure ("Rule") 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In applying this "good cause" standard, courts "primarily consider[] the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015).

Even taking into account Plaintiff's pro se status, Plaintiff has not established that she has been diligent in pursuing discovery and complying with Defendant's discovery requests. Defendant notes that Plaintiff served her first requests for production of documents on May 30, 2018, and as of Defendant's July 3 filings, Plaintiff had not engaged with Defendant's request to meet and confer regarding these requests. Dkt. No. 66 ("Davis Decl.") ¶ 5–7. Defendant also served on Plaintiff its first set of requests for production and interrogatories on May 30, 2018. *Id.* ¶ 4. According to Defendant's filings, Defendant received Plaintiff's responses to Defendant's

first set of interrogatories on July 3, 2018, and did not receive any written response from Plaintiff to its requests for production of documents. *Id.* ¶¶ 4, 10. Plaintiff contends that Defendant accepted approximately 4,000 documents from Plaintiff on July 2, 2018, on the second day of Plaintiff's deposition. Dkt. No. 84 at 2; Dkt. No. 65 at 1. Defendant asserts that it has produced over 3,200 pages of documents to Plaintiff over the course of this litigation, including in response to Plaintiff's May 30 requests. Davis Decl. ¶ 2; Dkt. No. 65 at 2.

Given the largely uncontested record provided by Defendants, Plaintiff has not demonstrated sufficient diligence in attempting to comply with the Court's discovery schedule to warrant an extension. Plaintiff's motion to extend the discovery schedule is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: 7/16/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge